## No. 214.

### THE STATE OF LOUISIANA VS. COLUMBUS EVANS.

In a prosecution for shooting with intent to murder, though th eevidence shows that it would
have been murder had death ensued, that, in itself, will not be sufficient ground for the
jury to infer the existence of the intention to murder. If the mortal blow is unlawful
and malicious and death ensues, the perpetrator is guilty of murder, although he did
not intend to murder.

**A**PPEAL from the Tenth District Court, Parish of Red River.
*Hall*, J.

*M. J. Cunningham*, Attorney General, and *J. C. Pugh*, District Attorney, for the State, Appellee:

1.   In prosecution for shooting with intent to murder, where the evidence shows that it would
have been murder, had death ensued, that, in itself, will be sufficient ground for the jury
to infer the existence of the intention of murder. Waterman's D., p. 52, No. 210; Bishop
Crim. L., vol. 1, § 736.

2.   A conviction under sec. 791 of the Revised Statutes is responsive to a charge under
sec. 790. State vs. Gilkie, 35 Ann. 53; 39 Ann. 203.

3.   A conviction of a less offence than that charged in the indictment, both being of the
same generic class, is expressly authorized by our law. State vs. Gilkie, 33 Ann. 53;
State vs. EcKort, 23 Ann. 326; State vs. Ford, 30 Ann. 313; 39 Ann. 203.

*Egan & Pierson* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.   The defendant was indicted under section 790, R. S., for
shooting with intent to murder while lying in wait.

The State subsequently abandoned that part of the indictment
charging the accused with lying in wait, and the trial was had upon
the charge of shooting with intent to murder.

The defendant was tried and convicted, and appeals from a sentence
of five years' imprisonment at hard labor.

We find in the record two bills of exceptions.

1.   The first is to a charge of the trial judge to the jury, as follows:
"Where the evidence shows that it would have been murder if death
had ensued, that, in itself, will be sufficient ground for the jury to
infer the existence of the intention to murder."

This charge was incorrect for the reason that a party may be guilty
of murder when there was no intention on his part to commit murder
when the fatal blow was given or wound inflicted from which the
death ensued.   This doctrine was clearly recognized by the present
court in the case of the State vs. Walker, 37 Ann. 560, in these words
(quoting):

"If a mortal blow is unlawful and malicious and death ensues, the

perpetrator is guilty of murder, whether he intended or not to kill, as he is responsible for the effect of such blow though he did not intend to kill." And among other authorities cited in that case in support of the principle referred to, is the following from Bishop:

"If a mortal blow is unlawful and malicious and death ensues, the perpetrator is guilty of murder; whether he intended to kill or not, he is responsible for the effects of such wilful and malicious blow, although he did not intend to kill." 2 Bishop Cr. L., § 679–689.

Roscoe, in his work on Criminal Evidence, after quoting an English statute making it a capital offence: "When, in the language of the statute, a party shall, by any means whatever, cause to any person any bodily injury, dangerous to life, with intent to commit murder," thus proceeds to comment:

"Where a party was indicted under the above section for inflicting an injury dangerous to life, with intent to commit murder, Patterson, J., held that the jury ought not to convict unless they were satisfied that the prisoner had in his mind a positive intention to murder, and that it was not sufficient that it would have been a case of murder, if death had ensued." Roscoe, p. 782.

The Attorney General in his able argument admits that "as an abstract legal proposition" this charge, without the qualification taken from the proffered special charge, may not have been a correct enunciation of the law, but that applied to this case he asserts it correct.

2. And this brings us to the consideration of this special charge, which forms the subject of the second bill of exception, above referred to.

This charge asked by the counsel for the accused was as follows:

"It is not sufficient that the offence would have been murder had death ensued to bring it within the statute, the jury must be satisfied that the prisoner had a positive intention to commit murder."

The judge refused the entire charge save the latter part of it, "that the jury must be satisfied that the prisoner had a positive intention to commit murder."

The addition of these words to the original charge given did not, as contended, cure the defect or vice therein. Its force was left untouched. Its meaning was unchanged and unimpaired. Together they would in effect amount to this:

"The jury must be satisfied that the prisoner had a positive intention to commit murder; but if the evidence shows that it would have

58

been murder if death had ensued, that, in itself, will be sufficient ground for the jury to infer the existence of the intention to murder."

And as thus formulated, it is manifest that it could effect no modification of the original charge.

From the explanation given by the trial judge of his ruling in the bill of exceptions, he seemed to believe that his charge was proper in this case for the reason that the weapon used in this instance was a double-barreled shot gun, the use of which alone afforded indubitable proof of the murderous intent, and such is likewise the contention of the Attorney General. To this, reply is made by the counsel for the accused, that the double-barreled shot gun was shown to have been loaded with fine shot, that the wound inflicted was slight, and that the accused discharged only one barrel of the gun; all of which he contends negatives any intention of killing.

From an exhaustive consideration of the law bearing on this point, we are satisfied that the judge's rulings were erroneous and to the prejudice of the defendant.

This conclusion makes it unnecessary to consider the motion in arrest of judgment, which the record, also, contains.

It is therefore ordered, adjudged and decreed that the sentence be annulled and set aside, the verdict be quashed, and the cause remanded to the lower court to be proceeded with according to law.

Poché, J., takes no part, having not heard the argument.