MONROE, J.
This is an appeal from a conviction and sentence of imprisonment for murder. The only matter presented for the consideration of •this court is that contained in a motion for new trial, and two bills of exception taken to the overruling of the same. The grounds of the motion are (1) that the verdict is contrary to law and the evidence; (2) that the testimony of a certain witness in answer to questions propounded by the district attorney on cross-examination took the defendant by surprise, and indirectly established a bad character for him, when his character had not been put at issue; (3) that a certain pretended confession of the defendant should have been stricken out, for the reason that it was extorted by fear, and was so disconnected and contradictory as to indicate that the witness who testified to it did not remember the substance of what was said; (4) that the indictment was not allotted as required by article 139 of the Constitution.
It is only necessary to say of the first ground that it specifies no error, and is entitled to no consideration. . As to the second ground, it does not appear that any complaint of surprise was made during the trial, and it was too late to make it after the verdict. More than that, no testimony given by the witness on cross-examination has been brought up; that which we find in the record having been elicited by questions propounded to the defendant’s witness by the defendant’s counsel. It would, therefore, in any event, be impossible for this court to determine whether the testimony complained of might or might not reasonably have been anticipated. As to the third ground, beyond the defendant’s allegation as contained in the motion for new trial, the record does not show or suggest that any confession was made, offered, proved, admitted, or objected to, and it does not appear that any bill of exception upon the subject was taken during the trial; hence the error, if any has been committed, is not properly brought to the attention of this court. As to the fourth ground — i. e., that the case should have been allotted on the indictment as found in the criminal district court, and not on the affidavit brought to and filed in that court from the First city criminal court — it would, perhaps, be enough to say that the defendant should have raised the point before going to trial; but even then it would not have been good, since it appears from the statement of the trial judge that the allotment was made in accordance with the rules of the court, and it has been held by this court (construing article 130 of the Constitution of 1879, which, for the purposes of the present question, is identical with article 139 of the Constitution of 1898) that, in the absence of statutory regulation, the only possible way in which the criminal district court can meet the re *235 quirements of the Constitution is to establish rules and allot cases in accordance therewith. State v. Beeder, 44 La. Ann. 1012, 11 South. 816. And it has also been held that the “inception” of a case in the criminal district court, within the meaning of the Constitution, is the filing of the affidavit sent up from the court below, and hence that the allotment is properly made on such affidavit; an exception arising where two persons, against whom separate affidavits, allotted to different sections, are pending, have subsequently been joined in the same indictment, in which case it becomes necessary to make an allotment upon the indictment. State v. Bollero, 112 La. 850, 36 South. 754.
For these reasons, it is ordered, adjudged, and decreed that the verdict and sentence appealed from be affirmed.