BREAUX, C. J.
The defendant, charged with the offense of assault, with intent to commit rape on the 5th day of August, 1908,. was arraigned on the 25th day of October,-1908, and tried on the 5th day of November of that year.
The jury returned a’ verdict of guilty, arid recommended him to the mercy of the court.'
The court sentenced him to hard labor in the penitentiary for a term of five years. [
The little girl defendant was charged with; having attempted to rape was 11 years óf age;'
The point at issue is- before us as brought5 *707 up in a bill of exceptions, setting forth that the testimony of the sister of the little girl was admitted by the trial judge as part of tbe res gestae although, it was not part of the res gestas.
The complaint principally is that it was irrelevant, and that it was intended to and did prejudice the jury against the defendant.
The district judge in the per curiam stated that the testimony was that the defendant, Chance, and the prosecuting witness, lone, were alone at the former’s home, and that immediately after the offense had been committed the defendant accompanied her to her home; that on arriving she stated to her mother what had taken place. The prosecuting attorney asked the witness:
“When the accused, Sam Chance, came over to her mother’s house from his house, and was told by her mother, ‘Oh! Sam, what did you do that for?’ what did he have in his hand?”
The question was objected to, on the ground before stated.
The testimony does prove that the incident to which the question was directed was (when Chance arrived at the home of the mother) a half hour after he is said to have committed the offense, and for that reason the contention was that it was not part of the res gestse and irrelevant; that half an hour’s time having intervened, it was not inseparably connected with the case — not a part of it.
In ruling on this point, we will first state that, in accordance with the court’s order that she should answer, the witness stated that defendant had nothing in his hand at the moment, but afterward he took a knife from his pocket. She did not know what kind of knife it was. This point has no merit
Granted that it was not part of the res gestse, the testimony could not possibly prejudice the case of the defendant. Besides, the objection on the ground that the evidence admitted was intended to and did prejudice the jury is too general of itself and without any other statement of fact or reason to sustain the objection, it does not commend itself to extended notice. There was nothing incriminating in the fact that the accused; took a knife from his pocket, particularly as it was not stated whether it was a common pocketknife or a formidable knife in the hands of a man bent upon a crime or drawn for the purpose of intimidating some one.
It is not stated by the defense whether it was evidence of his behavior when he was mildly upbraided by the mother of the prosecuting witness.
The appellate court considers the ground stated by the trial judge. It is proper to assume that there was no other ground than that stated by him. Upon the ground stated, there is no possible room for complaint. Marr’s Digest, p. 859, § 493.
It is contended in the second place that the evidence was irrelevant.
The testimony is equally as unprejudicial if it be considered from the point of view of irrelevancy. It adds nothing to the issues, and takes nothing from the point in dispute. It did not have the least tendency of proving that it was the purpose of proving that the accused was guilty of another crime, nor does it appear in any way to add to the gravity of the crime for which he was prosecuted. It was useless to admit the evidence, but having been admitted, it affords no ground to set aside the verdict.
The error not being prejudicial, the defendant is not entitled to a new trial. 3 Jones, § 899.
The text of Bishop on Criminal Law and Criminal Jurisprudence is to the same effect as that in the text of Jones, cited supra.
After having considered, the issues, and after having arrived at the conclusion to affirm the judgment, we found that the information fails to show that an assault had been committed on the prosecuting witness. *709 We infer that it is a clerical error in the copy before us. Neither the state nor the defense has called the court’s attention to this error.
We affirm the judgment. If it be not a clerical error, a rehearing will have to be .granted.
By reason of the law and the evidence being in favor of the state and against the .defendant, the judgment is affirmed. '
PROVOSTY, J., dissents.