(90 South. 733)

No. 24966.

STATE v. EWELL.

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss Appeal.

**1. Criminal law ⬡➡1144(19)—Order of entries does not destroy presumption that appeal was not granted before sentence.**

Where the proceedings with regard to the sentence, the motion for appeal, and the order of appeal, were had on the same day, and recorded as contemporaneous proceedings, the fact that the clerk's entries in the record are not in their proper order does not destroy the presumption that the judge did not grant the order of appeal before he imposed sentence, in the absence of any suspicious circumstances in the record.

On the Merits.

**2. Criminal law ⬡➡595(4)—Testimony of absent witness held relevant and material in prosecution for procuring forgery.**

On a trial for procuring K. to forge a check, the testimony of a bank cashier, for whose absence defendant requested a continuance, that the exact amount of the check was deposited by K. to his own credit, and that defendant did not receive any of the proceeds of the check so far as the bank records showed, was relevant and material as tending to disprove motive, especially if the case was one of circumstantial evidence.

**3. Criminal law ⬡➡594(1) — That defendant previously represented by counsel held immaterial as respected motion for continuance.**

Where counsel appointed by the court on the day a case was called for trial moved for a continuance because of the absence of a material witness, the fact that defendant, who was indicted five days before trial, was represented by counsel when put in jail, was of no importance where such counsel had withdrawn from the case.

**4. Criminal law ⬡➡594(1)—Motion for continuance because of absence of witness held improperly denied.**

Where defendant was placed on trial on the fifth day after his indictment, and the request then made for a continuance because of the absence of a material witness was the only request made, and the postponement would not

150 LA.—13

have caused serious delay or interference in the administration of justice, while it was not certain that its refusal did not cause injustice, the request should have been granted.

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Jos. L. Golson, Judge.

John P. Ewell was convicted of being an accessory to the crime of forgery, and he appeals. Verdict and sentence annulled, and case remanded.

Ponder & Ponder, of Franklinton, for appellant.

A. V. Coco, Atty. Gen., and H. H. Kilbourne, Dist. Atty., of Clinton (T. S. Walmsley, of New Orleans, of counsel), for the State.

On Motion to Dismiss Appeal.

O'NIELL, J. [1] The attorneys representing the state, averring that the order of appeal in this case was granted before the sentence was imposed, move to dismiss the appeal. The minutes of the court do not show, affirmatively, that the order of appeal was granted before the sentence was imposed. The proceedings with regard to the sentence, the motion for appeal, and order of appeal were had on the same day, and were recorded as contemporaneous proceedings. The fact that the clerk's entries in the record are not in their proper order does not destroy the presumption that the judge did not grant the order of appeal before he had imposed sentence upon the appellant. "Omnia præsumuntur rite et solemniter esse acta."

In the case of State v. Sisemore (No. 24644) 151 La. ——, 92 South. 274, which was remanded for a correction of the minutes, etc., it appeared that the record had been tampered with. The original entry showed that the appeal had been asked for and granted "before sentence," and the word "before" was stricken out and the word "after" written over it. There is no such suspicious circumstance in the present case.

The motion to dismiss the appeal is therefore overruled.

## On the Merits.

Appellant was indicted as an accessory to the crime of forgery, the charge being that he had procured Otto Kirkland to forge the signature of F. M. Jackson to a check on the Bank of Clinton. Defendant was not represented by counsel when his case was called for trial, and the court appointed an attorney to represent him. The attorney then held a brief conference with defendant, and learned that there was an important witness, living in another parish, who had not been summoned. The attorney therefore asked for a continuance or postponement of the trial, which was refused. Defendant was then tried and convicted and sentenced to imprisonment in the penitentiary.

[2] The absent witness referred to was a bank cashier, who, it was alleged, would have testified that the exact amount of the check, $285, was deposited by Otto Kirkland to his own credit, and that defendant did not receive any of the proceeds of the check, as far as the bank's records showed. The main reason given by the judge for refusing to postpone the trial was that the testimony of the bank cashier would have been irrelevant and immaterial. Our opinion is that the testimony would have been relevant and material, especially if the case was one of circumstantial evidence. The object was to show, as far as the proof would show, that defendant did not derive any benefit from the forgery, and therefore must not have had any motive for procuring it.

[3] It is said in the per curiam that defendant was represented by counsel when he was put into jail, and that no reason was given for the attorney's withdrawal from the case. That is a matter of no importance, because it is conceded that, if the attorney was ever employed, he had withdrawn from the case, and that defendant was not represented by an attorney when his case was called for trial.

[4] The trial was had on the fifth day after the grand jury reported a true bill. The only request for a postponement was that which was asked for when the attorney was appointed to represent defendant. It does not appear, and is not contended, that a postponement of the trial would have caused serious delay or interference in the administration of justice. It is not at all certain that the refusal of it did not cause injustice. Our opinion is that the request for a continuance or postponement should have been granted.

The verdict and sentence appealed from are annulled, and it is ordered that the case be remanded to the district court for a new trial.