(101 South. 250)

No. 26653.

STATE v. JOHNSON.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⟿1170½(2)—Question as to resemblance between persons held not reversible error as calling for opinion of witness.

In prosecution for shooting with intent to murder, where defendant alleged his life had been threatened and that he mistook the complaining witness for the party who had threatened him, a question, asked a witness acquainted with both parties, whether one resembled the other, *held* not reversible error as calling for an opinion of the witness, particularly in view of the answer, "I ain't paid much attention to that."

2. Criminal law ⟿1170½(1)—Questions calling for opinion of witness not reversible error unless prejudice clearly shown.

Questions calling for opinion of witness, though objectionable, do not constitute reversible error unless prejudice be clearly shown.

3. Witnesses ⟿340(3)—Attempt to impeach female witness by attack upon her chastity held improper.

In prosecution for shooting with intent to murder, where witness had testified that while standing on gallery of defendant's residence she saw a man resembling complaining witness pass, it was error to permit witness over defendant's objection to be asked if defendant's residence was known as a "honk-a-tonk" or not; it being improper to impeach a female witness by an attack upon her chastity.

4. Homicide ⟿163(1), 338(2)—Evidence as to character of defendant's house in prosecution for shooting with intent to murder held irrelevant and prejudicial.

In prosecution for shooting with intent to murder, evidence that defendant's residence was known as a "honk-a-tonk" *held* irrelevant and prejudicial.

5. Criminal law ⟿1170½(2)—Improper question as to character of defendant's house held harmless error in view of negative answer.

In prosecution for shooting with intent to murder, asking of witness whether defendant's residence was not commonly known as a "honk-a-tonk" *held* harmless error in view of negative character of answer given.

6. Criminal law ⟿787(2)—Instruction as to defendant's duty to testify held not erroneous, though couched in language of repealed statute.

Instruction as to defendant's duty to testify and weight to be given his testimony *held* not erroneous, though couched in language of act previously repealed.

7. Criminal law ⟿829(3)—Instruction as to essentiality of intent to murder, in prosecution for shooting with intent to murder, held sufficient.

In prosecution for shooting with intent to murder, instruction as to essentiality of the

intent to commit murder, and that it was not sufficient that the offense would have been murder had death ensued, *held* sufficient on that issue without giving requested instruction.

**8. Criminal law ⚖═960—Defendant's absence at time of overruling of motion for new trial does not render same erroneous.**

Defendant's presence at time of ruling on motion for new trial is not necessary, and his absence does not render overruling of same erroneous.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Senator Johnson was convicted of crime of shooting with intent to kill, and he appeals. Affirmed.

Justin C. Daspit, of Baton Rouge, for appellant.

Percy Saint, Atty. Gen., and John Fred Odom, Dist. Atty., of Baton Rouge (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. Under an indictment charging the defendant with the crime of shooting with intent to murder, a verdict of shooting with intent to kill was returned by the jury.

Defendant was sentenced to the state penitentiary for a term of not less than two years nor more than three years, and relies for the reversal of the judgment against him upon the following bills of exception:

**Bill No. 1.**

[1, 2] Accused is charged with shooting Henry Aucoin on the night of April 15, 1924. As accused and Raoul Baptiste were approaching a railroad track on which Aucoin was standing, he accosted them by saying, "Hold on !" Accused then pulled a pistol from his pocket and began firing at Aucoin. The defense is that accused mistook Aucoin for a man by the name of Willie Jackson, who had threatened his life, and that accused

feared that Jackson was about to put his threat into execution. Baptiste, a state witness, who was acquainted with Willie Jackson, was asked by the district attorney if Jackson resembled Aucoin. The question was objected to on the ground that it called for the opinion of the witness. The objection was overruled, and the witness answered: "I ain't paid much attention to that." Whether the question elicited an opinion of the witness or his knowledge of a fact is unimportant, as the answer of the witness could not have prejudiced the accused. While questions tending to elicit the opinion of a witness are objectionable, their allowance will not be considered reversible error, except on a clear showing of prejudice. State v. Higginbotham, 138 La. 366, 70 South. 328.

**Bill No. 2.**

[3-5] Aucoin, the prosecuting witness, had testified that he had not passed the residence of the accused on the night of the shooting. A witness for the defense testified that, while she was standing on the gallery of the residence of the accused, she saw a man, dressed like Aucoin, pass in front of the house. The district attorney then asked the witness if this house was what is commonly known as a "honk-a-tonk," the purpose being to discredit the witness. Counsel for defendant objected to the question propounded by the prosecuting officer on the ground that the testimony was immaterial and irrelevant, and was prejudicial to the accused, and could not affect the credibility of the witness. This objection was overruled, and the witness answered that she did not know whether the residence of the accused was a "honk-a-tonk" or not. The objection to this question should have been sustained, for the reason that a female witness cannot be impeached by an attack upon her chastity; and for the further reason that, if defendant's house was a "honk-a-tonk," this was a matter wholly disconnected with the crime, irrelevant, and

prejudicial to him. The answer of the witness, however, is of a negative character, thereby rendering the erroneous ruling of the trial judge harmless error. State v. Romero, 117 La. 1003, 42 South. 482; State v. Chance, 122 La. 708, 48 South. 158.

### Bill No. 3.

/ [6] Counsel for defendant objected to the following portion of the charge given by the trial judge to the jury:

"The accused cannot be compelled to testify against himself, but under a special statute of this state the accused person may take the stand in his own behalf, and, if he does, he shall be subject to all of the rules that apply to other witnesses, and he may be examined as to all matters concerning which he gives his testimony. However, should he fail to testify, this fact should not be construed for or against him. If he does testify, his testimony is weighed by the same rules that apply to other witnesses and as have been given herein."

The judge a quo charged the jury, as it was his duty to do, that the testimony of the accused shall be considered and weighed according to the general rules of evidence. The charge is correct and has been approved by this court in the following cases: State v. Poree, 136 La. 943, 68 South. 83; State v. Johnson et al., 144 La. 735, 81 South. 293; State v. Rini, 151 La. 182, 91 South. 664. The objection urged in the brief of counsel for defendant that the charge should not have been given, as it is couched in the language of Act 41 of 1904, which has been repealed by Act 157 of 1916, is without merit, as the last act and repealed act are very similar. State v. Johnson et al., 144 La. 736, 737, 81 South. 293. The charge is fair and impartial, as it does not single out the accused as a witness, and attempt to discredit his testimony, by any reference to his special interest in the case, but places him upon the same plane as other witnesses who have testified before the jury.

### Bill No. 4.

[7] The court gave to the jury in its general charge the following instructions:

"This crime is composed of two ingredients, one the shooting and the other the intent to commit murder, and the essential element of the crime lies in the intention with which the act of shooting is done. It is not therefore sufficient that the offense would have been murder had death ensued; to bring the case within the statute the jury must be satisfied that the accused had a positive intent to commit murder."

After the general charge had been delivered to the jury, counsel for accused requested the court to give the following special charge:

"The court charges you that, in this case the defendant is charged with shooting 'with intent to commit murder,' and that this is the language of the statute under which the prosecution is brought. Therefore, the intent with which the shooting was done is a necessary ingredient of the offense, and the state must prove that the intent in this case was 'to commit murder' in order to warrant the jury in returning a verdict of guilty."

The trial judge refused the special charge, because the charge requested had been included in the general charge. This is evident upon a comparison of the special charge with the general charge. Not only had the court charged "that the essential element of the crime (shooting with intent to murder) lies in the intention with which the act of shooting is done," and that "to bring the case within the statute the jury must be satisfied that the accused had a positive intent to commit murder," but cautioned the jury that "it is not sufficient that the offense would have been murder had death ensued," for the reason that a party may be guilty of murder when there was no intention on his part to commit murder when the fatal blow was given, or wound inflicted from which the death ensued. The specific intent to murder in such a case is the gravamen of the charge, and this intent is not proven by the mere act of shooting or by the death of

the deceased; but the jury are to judge of the intent from all of the surrounding circumstances of the case. State v. Walker, 37 La. Ann. 560; 2 Bish. Cr. L., §§ 679–688; Roscoe, Crim. Ev. p. 782; State v. Evans, 39 La. Ann. 912, 3 South. 63; State v. Munco, 12 La. Ann. 628; 1 Bish. Cr. Law, § 735. •

The general charge of the court objected to by counsel for accused is based upon a special charge approved in the Evans Case, 39 La. Ann. 912, 3 South. 63, above cited, and its correctness is supported by ample authority.

The special charge requested by defendant's counsel was therefore properly refused.

#### Bill No. 5.

[8] This bill is reserved to the overruling of a motion for new trial, and is based upon the fact that defendant was not present in court when the motion was denied. His presence was not required, whether testimony be heard or not. State v. Sharp et al., 145 La. 891, 83 South. 181.

The conviction and sentence appealed from are affirmed.