(138 So. 656)

## STATE v. WHEELER.
### No. 31366.

Nov. 30, 1931.

E. I. Mahoney and Gaston Rose, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., and Niels F. Hertz and J. Bernard Cocke, Asst. Dist. Attys., all of New Orleans, for the State.

BRUNOT, J.

This is an appeal from a verdict and sentence for the crime of manslaughter. The

accused was first prosecuted upon an information charging her with the crime of "shooting with intent to commit murder." The case was allotted to section B of the criminal district court. On arraignment of the accused, upon said charge, in that court, she pleaded guilty to the charge, and under this plea she was sentenced to serve not less than one nor more than three years, at hard labor, in the state penitentiary. Pending the removal of the accused to the penitentiary, the wound inflicted by her proved fatal, and she was thereupon charged, by affidavit, with the crime of murder. Upon the motion of the district attorney, in which the facts were presented to the court, the judge of section B vacated and set aside the sentence of that court, and ordered that the charge against the accused for "shooting with intent to murder" be held in abeyance pending the trial of the accused for "murder." The accused was subsequently indicted for that offense, and this case was allotted to section D of the criminal district court for trial. No attack was made by the accused in section D of the criminal district court upon the regularity of the allotment of the case, nor was any plea made in that court, previous to the conviction of the accused, except the plea "not guilty" to the charge of murder. The trial of the case in section D resulted in the defendant's conviction of the crime of manslaughter, for which she was sentenced to serve not less than eight nor more than twelve years, at hard labor, in the state penitentiary, and to pay a fine of $25, or, in default thereof, to serve 30 days additional in the parish jail. The appeal is from that verdict and sentence.

There are three bills of exceptions in the record.

### Bill No. 1.

■■ This bill was reserved to a ruling of the court permitting a state witness who had remained in the courtroom after testifying in chief and under cross-examination to be recalled by the state to rebut the testimony of the defendant, notwithstanding the fact that, upon the motion of counsel for the accused, the court had ordered the witnesses sequestered.

Article 371 of the Code of Criminal Procedure is as follows:

"The judge may, at any stage of the trial, order the sequestration of the witnesses. As soon as such order shall have been given it shall be the duty of the sheriff to take charge of the witnesses and to remove them to a place where they shall not be able to see or hear any of the proceedings taking place in court. Nor shall there be, while they shall be sequestered, any communication between them and others or between them and any witness who shall have testified. Any disregard of these provisions by a witness shall disqualify him from testifying and shall subject him to punishment for contempt; *provided, that the judge may in all cases, in his discretion, permit any witness to testify;* provided, further, that the issuance of such order shall not deprive either party of the right of calling or examining as a witness one who shall not have obeyed the order of sequestration, when such party shall show that the witness remained in court or otherwise disobeyed the order without the knowledge and without the connivance of the party calling him." (Italics by the court.)

The italicized proviso of the quoted article of the Code of Procedure is specific and unambiguous. It provides that whether or not a witness shall be permitted to testify, under the circumstances presented in this bill of exception, is a matter which is addressed to the sound discretion of the court. In the absence of a showing that the ruling complained of was arbitrary and unreasonable, the exercise of the trial court's discretionary powers

is beyond the control of the appellate court. There is no such showing here. On the contrary, the court's per curiam to the bill is not questioned. It is as follows:

"Corporal Curren, the witness in question, remained in the court room after having testified as a witness for the state. He was recalled by the state after the defendant rested her case.

"I am certain that the defendant suffered no injury in my permitting the said witness to testify. I am of the opinion that I reasonably exercised the discretion granted me in Code of Criminal Procedure, article 371.

"After permitting the recall of the witness, I offered the defendant through her counsel, the opportunity of cross-examining him, and of calling other witnesses."

We therefore find that the ruling complained of is correct. It is supported by the following recent decisions of this court, viz. State v. Sisemore, 151 La. 675, 92 So. 274; State v. Keife, 165 La. 47, 115 So. 363; State v. Wilson, 168 La. 903, 123 So. 614.

Bill No. 2.

■■■ This bill was reserved to the overruling of defendant's motion for a new trial. The motion is based upon several grounds, viz. That the verdict of the jury is contrary to the law and the evidence; that the jury failed to give the accused the benefit of a reasonable doubt; that the court erred in permitting the state to recall witness Curren in rebuttal of defendant's testimony; that, inasmuch as the charge against the accused for the crime of "Shooting with intent to murder" had been allotted to section B of the criminal district court, the allotment of the charge of "Murder" to section D of that court was illegal; and that the indictment and trial of the accused for "murder," after she had pleaded guilty to the crime of "shooting with intent to murder," and had been regularly sentenced therefor, placed her twice in jeopardy for the same offense.

As to the first ground urged in the motion for a new trial, we will say that it is the settled jurisprudence of this state that a new trial cannot be obtained on the mere allegation that the verdict is contrary to the law and the evidence. If the verdict is contrary to the law, the errors complained of must be set out fully and distinctly in the motion. See La. Dig. vol. 2, pars. 447, 448, p. 675.

As to whether or not the jury gave the accused the benefit of a reasonable doubt in its appreciation of the proof offered on the trial involves an inquiry into the facts relating to the guilt or innocence of the accused. The jurisdiction of this court in criminal cases is limited to questions of law alone. Article 7, § 10, Constitution 1921. But in connection herewith we note that the court, in its per curiam to this bill, says: "The guilt of the defendant was established beyond any reasonable doubt."

■■ The third ground urged in the motion for a new trial is disposed of by our finding that the court did not err in the ruling to which bill No. 1 was reserved. Whether or not the allotment complained of was illegal should have been urged timely. It comes too late when first presented in a motion for a new trial. The same rule applies when the plea is one of former jeopardy. We are of the opinion that both of these contentions are disposed of by the authorities cited in the court's per curiam to this bill, from which we quote the following:

"I pretermit the question as to whether or not the allotment was illegal, for the reason that defendant's complaint comes too late. She took her chances of an acquittal. This division of the court had jurisdiction ratione personae and ratione materia. It is clear that the accused has suffered no injury.

State v. Henderson, 113 La. 232, 36 So. 950; State v. Rose, 114 La. 1061, 38 So. 858.

"Code of Criminal Procedure, article 281, provides that the plea of former acquittal or of former conviction shall be urged, tried and disposed of before trial on the plea of not guilty. Nevertheless, with the hope of finding some legal way to grant the defendant the benefit of her plea, in the event it were sound in law, I have examined into the matter with the following results.

"The offense formerly charged in Information No. 57363 and the one charged in this case are not identical, nor different grades of the same offense, nor is one necessarily included in the other.

"It appears clearly that neither an acquittal nor a conviction of 'Shooting with intent to murder' is a bar to a prosecution for murder upon the death of the injured person. Code Criminal Procedure, art. 279; State v. Johnson, 156 La. 875, 101 So. 250; Ruling Case Law No. 8, page 148, § 134; Wharton's Criminal Procedure, vol. 2 (10th Ed.) § 1412; Corpus Juris, vol. 16, page 274; Bishop on Criminal Law, vol. 1 (19th Ed.) § 1059, page 748; Cox's Criminal Law Cases, vol. X, page 484; Wharton's Criminal Evidence, vol. 2 (10th Ed.) § 585, page 1217."

### Bill No. 3.

This bill was reserved to the overruling of defendant's motion in arrest of judgment. It presents no issue that is not passed upon in our ruling upon bill No. 2.

The right of a court to set aside a formal and legal sentence imposed by it, pending the beginning of the service of the sentence, like an illegal allotment of a case, or a plea of former jeopardy, must be pleaded before trial of the case on its merits. Counsel for the defendant allege that they did not know of their client's previous conviction until after her indictment and trial for murder. The fact was a matter of the court record, and it was known to the defendant.

For the foregoing reasons, the verdict and sentence appealed from are affirmed.

O'NIELL, C. J., is of the opinion that the criminal district court had not jurisdiction to set aside the verdict after sentence was imposed.