154 So. 39

**STATE v. HARRIS.**

No. 32720.

March 26, 1934.

John M. Madison, of Bastrop, and A. L. Davenport, of Monroe, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., of Bastrop, and George W. Lester, Asst. Dist. Atty., of Monroe (James O'Neill, Sp. Asst. to Atty. Gen., of counsel), for the State.

O'NIELL, Chief Justice.

The record in this case contains three bills of exception, of which only one needs to be considered.

When the jury was impaneled, and before any evidence was offered, the judge, at the request of the attorneys for the defendant, ordered all of the witnesses to retire from the courtroom into the witness room.

One witness, Effie Smith, for the defendant, went up into a balcony in the courtroom, and there witnessed the trial and heard the testimony of the state's witnesses. When Effie Smith was called to the witness stand by the defendant's attorneys, the district attorney objected to her testifying, because of her having remained in the courtroom while the state's witnesses were testifying. The defendant's attorneys declared that they and their client did not know that the witness had remained in the courtroom, and that they had not connived at her doing so; but the judge, having seen the woman in the balcony, would not allow her to testify in the case. The defendant's attorneys reserved a bill of exception, in which it is stated, and not denied, that Effie Smith was an important witness for the defendant, and that her disobeying the order of court was without the knowledge or connivance of the defendant or his attorneys.

The reason given by the judge, in the statement per curiam, for refusing to allow the witness to testify, was that the judge was of the opinion that the provisions of article 371 of the Code of Criminal Procedure left the matter entirely within his discretion, whether to allow a witness to testify who had remained in the courtroom in disobedience of an order of court, but without the connivance or knowledge of the defendant or of his attorney. The article provides:

"The judge may, at any stage of the trial, order the sequestration of the witnesses. As soon as such order shall have been given it shall be the duty of the sheriff to take charge of the witnesses and to remove them to a place where they shall not be able to see or hear any of the proceedings taking place in court. Nor shall there be, while they shall be sequestered, any communication between them and others, or between them and any witness who shall have testified. Any disregard of these provisions by a witness shall disqualify him from testifying and shall subject him to punishment for contempt; provided, that the judge may in all cases, in his discretion, permit any witness to testify; provided, further, that the issuance of such order shall not deprive either party of the right of calling or examining as a witness one who shall not have obeyed the order of sequestration, when such party shall show that the witness remained in court or otherwise disobeyed the order without the knowledge and without the connivance of the party calling him."

The state contends that the provisions of article 371 of the Code of Criminal Procedure are inconsistent in declaring, first, that a witness who disobeys the order of court to remain outside of the courtroom shall be disqualified from testifying, and, second, that the judge may in his discretion, in all cases permit any witness to testify who has disobeyed the order of court, and, third, that the order of court shall not deprive either party of the testimony of a witness who has disobeyed the order if the party calling the witness shall show that the disobedience of the order of court was without the knowledge and without the connivance of the party calling the witness. It is argued, therefore, that this last provision, or second proviso, in the article, should not be construed so as to deprive the judge of his discretion in the matter. The case of State v. Wheeler, 173 La 753, 138 So. 656, is cited in support of the ar

gument. But in that case the judge permitted a witness for the state to testify notwithstanding the objection of the attorneys for the defendant that the witness had remained in the courtroom in disobedience of the order of court; and it appears that the district attorney did not invoke the second proviso in article 371 of the Code of Criminal Procedure, but invoked only the first proviso—"that the judge may * * * permit any witness to testify."

The order in which the several provisions of article 371 of the Code of Criminal Procedure are arranged is such that the second proviso, being the last expression in the article, and being emphatic and free from ambiguity, must prevail. The purpose of this proviso, manifestly, is to prevent either party from being deprived of the testimory of a witness, by disobedience on the part of the witness, either through his ignorance or by inducement on the part of some one other than the party calling the witness. It is not inconsistent to say that the judge may, in his discretion, permit any witness to testify, and at the same time to provide that the judge shall not forbid a witness to testify, who has violated the order of court without the knowledge and without the connivance of the party calling the witness. The meaning of the discretion which is vested in the judge is that he may, for any reason that he deems sufficient, exempt any witness or class of witnesses from the effect of his order to leave the courtroom, and that he may permit to testify any witness who has violated the order, and that neither party shall have just cause to complain that any such witness was permitted to testify. The ruling in State v.

Wheeler is an example of a judge's having permitted a witness to testify who had violated the order for the witnesses to remain outside of the courtroom. It is true that this court said in that case that the judge had merely used his discretion in the matter; but, if the district attorney had invoked the proposition and had shown that it was without his knowledge or connivance that the witness had remained in the courtroom, the judge's ruling allowing the witness to testify would not have been merely an exercise of judicial discretion, but would have been the performance of a duty on the part of the judge.

The conviction and sentence are annulled, and the case is ordered remanded to the district court for a new trial.

ST. PAUL, J., absent.