O’NIELL, Chief Justice.
 

 The appellant was convicted of the crime of manslaughter. During the trial he reserved a bill of exceptions to the overruling of an objection to the testimony of a witness who .was called by the state in rebuttal. The objection to the testimony was twofold: First, that the witness had remained in the courtroom and had heard a part of the testimony in the case, notwithstanding the judge had ordered that all witnesses should remain out of the courtroom; and, second, that the testimony of the witness was not rebuttal testimony.
 

 The witness was summoned by the defendant, but his attorney, having decided not to call the witness to the stand, allowed him to return to the courtroom after the judge had ordered all of the witnesses to remain outside, in charge of the sheriff. Article- 371 of the Code of Criminal Procedure, on this subject, provides “that the judge may in all cases, in his discretion, permit any witness to testify.” Accordingly, it has been decided that there can be no complaint when the judge has exercised his discretion in that respect, by allowing a witness to testify, who has not obeyed the order to remain out of the courtroom during the trial. State v. Wheeler, 173 La. 753, 138 So. 656. Another proviso in the article of the Code of Criminal Procedure is that the issuing of such an order shall not deprive either the district attorney or the defendant of the right to call and examine as a witness one who shall not have obeyed the order to remain outside of the courtroom,
 
 *390
 
 when the party calling the witness shall show that it was not with his knowledge or connivance that the witness remained in the courtroom, or otherwise disobeyed the order. That proviso was enforced in State v. Harris, 179 La. 405, 154 So. 39. Assuming, for the sake of argument, that the discretion which is vested in the judge in instances like this is not absolute, we find that the judge did not abuse his discretion in this instance. He first examined the witness on the subject of his. presence in court during the trial, and ascertained that the witness was in good faith in returning into the courtroom after being released from the order to remain outside, and that he was seated so far from the witness stand that he heard only a few words of the testimony of two witnesses, and understood very little of what they said.
 

 Considering the complaint that the testimony of the witness was not rebuttal testimony, the judge declared in his statement per curiam that the testimony was rebuttal testimony. From the testimony attached to the bill of exceptions it appears that the defense was self-defense, and that the testimony of this witness in rebuttal was offered for the purpose of contradicting certain testimony introduced by the defendant, tending to prove that the deceased was the aggressor in the fatal difficulty. All of the testimony that was given in the case is not in the record; but, in the absence of a showing that the testimony complained of was not rebuttal evidence, we accept the statement of the district judge that it was rebuttal evidence.
 

 The verdict and sentence are affirmed.