301 So.2d 591 (1974)
STATE of Louisiana
v.
Lawton OWENS.
No. 54893.
Supreme Court of Louisiana.
October 11, 1974.
*592 Murphy W. Bell, Director, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., M. Stephen Roberts, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Lawton Owens, with attempted armed robbery. After trial, the jury returned a verdict of guilty. The trial judge sentenced the defendant to imprisonment for a term of 20 years, without benefit of parole, probation, or suspension of sentence. The defendant appeals, relying upon two bills of exceptions.

BILL OF EXCEPTIONS NO. 1
The defense reserved the first bill of exceptions after the court allowed the State to question the defendant as to whether or not he was a homosexual. He replied that he was not.
Defense counsel asserts that the testimony was irrelevant and had no probative value.
As a guideline for the determination of relevancy, LSA-R.S. 15:441 provides:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support *593 an inference raised by such fact, are admissible."
The trial judge is vested with wide discretion in determining the relevancy of evidence. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Pierre, 261 La. 42, 259 So.2d 6 (1972); State v. Davis, 259 La. 35, 249 So.2d 193 (1971); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).
In the instant case, the defendant testified on direct examination that he met the victim at a "homosexual" bar and that the victim proposed homosexual relations. The defendant agreed to the proposal and left with the victim in the latter's automobile. The defendant further testified that after the car was parked, he learned that the victim would not pay him for engaging in homosexuality and he left the automobile. Whereupon, the victim shot at him, and he returned shots in self-defense. Defendant denied any intention to rob the victim.
From this brief review of defendant's testimony, it is apparent that defendant's homosexuality became relevant. It was factually interrelated with the defense. Hence, it was a proper subject for the State's cross-examination. Moreover, the defense cannot be heard to complain about inquiries on cross-examination pertaining to the subject matter of the direct examination. LSA-R.S. 15:495; State v. Prather, La., 290 So.2d 840 (1974); State v. Rossi, La., 273 So.2d 265 (1973); State v. Kelly, La., 271 So.2d 870 (1973).
We conclude that the bill of exceptions lacks merit.

BILL OF EXCEPTIONS NO. 2
The defendant reserved Bill of Exceptions No. 2 to the overruling of his motion for a new trial. In the motion, he alleged:
"There is absolutely no evidence to support the verdict."
When a defendant in a motion for new trial alleges there is no evidence to support an essential element of the crime charged, reserves a bill of exceptions to the overruling of the motion, and makes the transcript of evidence a part of the bill, a question of law is raised for review by this Court. State v. Cade, 244 La. 534, 153 So.2d 382 (1963); State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961); State v. McLean, 216 La. 670, 44 So.2d 698 (1950).
When, however, the motion contains a general allegation of the lack of evidence, without specifying the element as to which proof is lacking, the pleading presents nothing for review.
In State v. Bueche, 243 La. 160, 142 So.2d 381 (1962), we held:
"The general allegation contained in that motion `that there was a complete lack of evidence to support the proof essential to a valid conviction of manslaughter' without pointing out wherein the proof was wanting presents nothing for review by this court.... See State v. Wheeler, 173 La. 753, 138 So. 656; State v. Roberson, 159 La. 562, 105 So. 621; State v. Robertson, 133 La. 806, 63 So. 363; State v. Henderson, 113 La. 232, 36 So. 950."
Assuming, however, that the motion is legally sufficient to raise a question of law, we find no merit in it.
In his argument to this Court, defendant complains of the lack of evidence of specific intent. It is true that a specific criminal intent is an essential element of an attempt to commit armed robbery. See LSA-R.S. 14:64; LSA-R.S. 14:27. The intent, however, may be inferred from the circumstances. See LSA-R.S. 15:445; State v. Garner, 241 La. 275, 128 So.2d 655 (1961).
The victim testified that the defendant asked permission to ride with him from Scotlandville to Baker, a distance of only a few miles. As the victim drove his *594 automobile, the defendant asked to get out of the car "a minute." The victim stopped the car. After the defendant stepped out, he pointed a pistol at the victim and said, "All right, give me that money." When the victim hesitated, the defendant opened fire, wounding him. The victim then secured a pistol and returned the fire until the defendant left the scene.
Hence, the record contains ample testimony to establish the intent. As we said in State v. Garner, supra, "Though subjective and itself unseen and unheard, the requisite intent is manifested by the actions of the accused..."
We conclude that the Bill of Exceptions lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs, disagreeing with comments concerning pleading the negative.