## No. 12,424.

### STATE OF LOUISIANA VS. ANTOUR HOLLIER.

| 49 | 371 |
| 52 | 118 |

| 49 | 371 |
| 118 | 663 |

1. It is not sufficient ground to authorize the continuance of a cause that a material witness is absent on the day set for the trial, if the statement in the defendant's affidavit discloses that the testimony of such witness would be open to the objection of inadmissibility as hearsay.

2. Surprise at the statement of a witness is not ground for a new trial, in case the trial judge informs the party surprised that he may introduce any other witness or evidence he may have for the purpose of supplying the ellipsis of proof, notwithstanding it may tend to contradict the statement of the witness giving the surprise, and such party has failed to avail himself of the opportunity.

3. An application for a new trial, predicated upon newly discovered testimony, will not be regarded as having been improperly refused in case the proposed testimony is cumulative or corroborative, and the affidavit is not sworn to by the witnesses upon whom the affiant relies.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham*, Attorney General, *James Simon*, District Attorney *(R. F. Broussard* and *P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*James E. Mouton* for Defendant, Appellant.

Submitted on briefs March 6, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

WATKINS, J. Having been indicted for the perpetration of the crime of abduction, and tried, convicted and sentenced to imprisonment in the State penitentiary at hard labor for a term of three years, the defendant prosecutes this appeal, relying on one bill of exceptions which was reserved to the refusal of the trial judge to grant him a continuance; another to his refusal to grant him a new trial; and another to his declination to arrest the judgment.

This prosecution is grounded upon Sec. 1 of Act 134 of 1890, making the abduction of women a crime, which is of the following tenor, namely:

" That any person who shall fraudulently, deceitfully, or by any

false representation, entice, abduct, induce, decoy, hire, engage, employ or take any woman of previous chaste character, from her father's house, or from any other place where she may be, for the purpose of prostitution, or for any unlawful sexual intercourse, at a house of ill fame, or at any other place of like character, or else where  *  *  *  shall on conviction be punished by imprisonment at hard labor in the penitentiary for not more than five years."

This quotation from the legislative act will serve to illustrate the character of the prosecution and of the proceedings, the correctness of which are drawn in question and presented to us for decision.

## I.

The cause having been set for trial, defendant's counsel objected to proceeding therewith at the time fixed, on the ground that one of his principal witnessess, Pierre N. Thibodeaux, though duly ordered summoned, had not been served and was not present, and that he could not safely go to trial without the benefit of his testimony.

In support of his application the defendant made affidavit, amongst other things, to the substance and purport of the testimony the absent witness would give, and which statement was, in substance, as follows, viz. :

That previous to anything being said or done which tended, in any way to connect the defendant with the abduction of the prosecutrix, Maude Gallagher, her mother visited the house of said witness, Thibodeaux, and told him, in an angry and threatening manner, that her daughter " had assured her that she, Maud Gallagher, had been seduced and abducted by him (Thibodeaux) and was with child by him, and that she (the mother) had come to tell him that she (the daughter) would force him (Thibodeaux) to marry the said Maud, her daughter;" and many other statements of like character.

That neither in that interview, nor at any other time, was anything said or intimated, to the effect that the defendant was connected with the abduction of the prosecutrix, in any way.

The purpose and object of this proffered statement was, to show that the prosecutrix, Maud Gallagher, was not " a woman of previous chaste character," which is the *sine qua non* of the statute; for the reason that she was, herself, in doubt as to the paternity of her child—her mother, at her suggestion, having charged the witness (Thibodeaux) to have been its illegimate father.

The judge declined to grant the requested continuance, because of the alleged declaration to the witness (Thibodeaux) having been made by the mother of the prosecutrix as having been requested by the latter, it was hearsay, and would be inadmissible as evidence on the trial.

This ruling was manifestly correct. The mother might have been placed upon the stand, under certain circumstances, to make proof of the facts detailed; and, if the prosecutrix had made such a statement to the witness (Thibodeaux), it might have been received as part of the *res gestæ.* But, taking the statement as it occurs in the defendant's affidavit, it would have been open on the trial to the objection that it was hearsay.

## II.

The motion for new trial is based upon the grounds following, viz.: (1) That his application for a continuance was incorrectly refused, and he was unseasonably and hurriedly forced into trial without his most important witness; (2) that during the progress of the trial he placed upon the stand a person by whom he expected to prove that the prosecutrix had, repeatedly, sent messages to the defendant proposing appointments or assignations at certain designated places, but that very much to his surprise and disappointment, the said witness when interrogated professed to have no recollection thereof; that the anticipated statement of said witness was perfectly true and in conformity with the facts as they actually existed, and in his opinion and belief said witness was intimidated by friends of the prosecutrix and prevented from making the disclosures expected; (3) that since the trial and verdict defendant has discovered new, important and material testimony "whereby he can and will prove that long previous to his alleged false promise or representations to Maud Gallagher, and previous to her alleged abduction by him, she was not of chaste character," giving full particulars of frequent' unlawful sexual intercourse between the prosecutrix and other men.

In the course of the reasons assigned by the trial judge he reiterated, in reply to the *first* ground of complaint, the statement he made in the first bill of exceptions, that the testimony of the absent witness, Thibodeaux, would have been objectionable as hearsay; to the *second* he said that, conceding defendant's surprise at the statement

of the witness referred to, he informed counsel that he was at liberty to introduce any other witness or testimony he had upon the same subject matter, notwithstanding it might be diametrically opposed to the statement made by said witness while on the stand, and he did not avail himself of that offer; to the *third* he said that, in his opinion, the proposed newly discovered evidence was cumulative, or corroborative, of the testimony of other witnesses who were sworn at the trial in reference to the same subject matter—the prosecutrix' want of chastity.

But the judge made the further point with regard to this newly discovered testimony, that the affidavit of the defendant, alone and unsupported by the oath of the witnesses upon whose testimony the relief depends, was insufficient, and did not justify the allowance of a new trial.

The proposition of the judge seems unanswerable. We have frequently held that it was not a ground for a new trial that the defendant had urged an objection which was overruled, and to which a bill of exceptions had been retained.

That the testimony of a witness has given the defendant surprise, is unfortunate for him; but the only course open to him was to substitute other testimony.

This course was left open to him, and it is no ground for a new trial that he was unable to supply that deficiency. Had he made the discovery of such testimony after the trial, there would have been greater force in his application.

The ground of his application, based upon testimony newly discovered since the trial, does not go to that extent. And, if it did, the motion is insufficient in itself.

### III.

The motion in arrest of judgment rests on the charge of unconstitutionality of Act 134 of 1890, in that it makes the abduction of a woman a crime, in direct violation of Art. 29 of the Constitution, in that it embraces more than one object; and that the different objects of the statute are not set out and embraced in its title.

Further, that the title makes no mention of the penalty the statute authorizes to be imposed.

The judge entertained the opinion that the first section of the act—quoted *supra*—which defines the crime of which the defend-

ant is indicted, is constitutional and valid; and that the title fairly embodied the *single* object of the law in employing the phrase, "making the abduction of woman a crime."

He thereupon overruled the demurrer, and the defendant's counsel reserved a bill of exceptions.

We think the title fairly responds to the object stated in section one of the act, the purport and effect of which is, that any person who shall fraudulently, deceitfully and by any false pretense or representation, entice or abduct any woman of previous chaste character from her home, for the purpose of prostitution, shall be deemed guilty of an infamous crime.

We do not regard the fact, that no mention is made in the title of the act to the character of the punishment which may be inflicted, as of any consequence whatever.

Such a provision of a statute is merely directory, and follows as the natural and legal sequence of the text. The denunciation of the text would be of no force and efficacy without the superaddition of the punishment therefor. It requires *both* to create a penal statute.

Judgment affirmed.