## No. 13,968.

### STATE OF LOUISIANA vs. LEE C. BRIGHT.

#### SYLLABUS.

1. The amendment, pending trial, of an information for larceny by substitution therein of the name of a husband for that of his wife as the owner of the property stolen is authorized to be made by Section 1047 of the Revised Statutes when there appears to be a variance between the statement of ownership in the information and the evidence offered in proof thereof. Conviction of the accused upon the amended information evidences the propriety of the amendment upon the existence of a variance as a matter of fact.

2. Where, pending a trial of a person for larceny, the information is amended by substituting therein the name of a husband for that of his wife as the owner of the property stolen and both before and after the amendment both husband and wife were examined as witnesses and the accused made no effort to have the trial postponed, nor availed himself of the presence of the spouses on the stand as witnesses to negative the ownership as laid in the amended information, he is properly refused a new trial based upon a claim that he was surprised by the amendment and that he could disprove by the wife as newly discovered testimony that the property was her paraphernal property.

A PPEAL from the Criminal District Court, Parish of Orleans— *Baker, J.*

*Waller Guion*, Attorney General; *J. Ward Gurley*, District Attorney; and *Porter Parker*, Assistant District Attorney (*Lewis Guion*, of Counsel), for Plaintiff, Appellee.

*Robert H. Marr* and *Chandler C. Luzenberg* for Defendant, Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J.   The defendant was charged with the larceny of a diamond pin in an information filed against him by the assistant district attorney for the Parish of Orleans.   The ownership of the pin was laid in Mrs. Ethel Staehle.   On the trial of the case Mrs. Frederick Staehle, Frederick Staehle and several other witnesses were placed on the stand and testified as witnesses for the State and were cross-examined on behalf of the defendant.   At this stage of the trial the assistant district attorney moved the court to amend the information by substituting the name of Frederick Staehle for Mrs. Ethel Staehle, to which counsel of defendant objected.

The court overruled the objection and ordered the information to be amended as moved by the assistant district attorney, to which ruling of the court counsel for defendant excepted and reserved a bill of exceptions.

The State then announced that it rested its case.   Richard L. Dalton and McDermott were then sworn by the clerk, examined as witnesses on the part of the defendant and cross-examined on the part of the State. After hearing the evidence, argument of counsel and receiving the instructions of the court, the jury returned a verdict of guilty as charged.   The defendant moved for a new trial.   This application was refused, to which ruling defendant reserved a bill of exceptions.   The court then sentenced him to suffer imprisonment in the State penitentiary at hard labor for two years, and he appealed.

The bill of exceptions reserved to the ruling of the court allowing the amendment, after reciting the fact that an information had been filed against him for the larceny of a diamond pin, the property of Ethel Staehle, and that after the jury in the case had been empanelled and sworn, this information was read to the jury, declares that thereafter Ethel Staehle, one McDermott and one Frederick Staehle were examined by the State as witnesses, whereupon the district attorney moved to amend the information so as to lay the ownership in Frederick Staehle, that is, to have the information read that said pin was the property of Frederick Staehle, to which defendant objected; that the court overruled the objection and allowed the information to be amended, to which ruling the defendant reserved and tendered his bill of exceptions.

The grounds assigned for the granting of a new trial were: 1st. That the verdict was contrary to the law and the evidence. 2nd. That the court erred in permitting the district attorney to amend the information after the jury had been sworn and the accused had been placed in jeopardy. 3rd. Because the information filed by the assistant district attorney laid the ownership of the pin alleged to have been stolen in the person of Mistress Ethel Staehle and accused was put on trial upon that information. That after the jury was empanelled to try accused the information laying the ownership in Ethel Staehle was read to the jury and accused was put in jeopardy. That Ethel Staehle and Frederick Staehle were examined as witnesses on behalf of the State and left the witness stand, whereupon, on motion of the assistant district attorney and to the surprise and over the objection of the accused, the information was amended and the ownership of the pin was laid in Frederick Staehle. That this sudden change in the information did not give him an opportunity of bringing proof to the contrary as set forth in the information. That accused had since discovered evidence that Frederick Stachle was not the owner of the pin alleged to have been stolen, and that upon a new trial he would prove by Ethel Staehle that the pin alleged to have been stolen was her own separate property; that with due diligence he could not have discovered with any degree of certainty that said evidence existed as he afterwards believed; that his failure to produce said evidence upon his trial was not due to any negligence on his part and said evidence was material to the issue. In overruling the motion for a new trial the court stated that on the trial the district attorney, acting upon the presumption that exists in such cases that the property was community property, asked and obtained leave to amend the information by changing the ownership from Mrs. Staehle to Mr. Staehle, her husband. That counsel for the defendant objected upon the sole ground that as a matter of law it was the amendment of a material allegation and although the witnesses were present offered no evidence to show that this presumption which prevails in all such cases until rebutted, did not hold in this case.

That it seemed to the court, under the circumstances, that even if it were conceded that the amendment was not necessary, that the defense could not be set up on a motion for a new trial. That if Mrs. Staehle was the owner of the property, then the information was perfectly good, and if she was' the custodian of the property, it would hold. The accused could not be prejudiced by changing the ownership of the pin

from Mrs. Staehle to her husband. That the real question was not whether Frederick Staehle owned the pin or Mrs. Frederick Staehle owned it, but whether the accused stole this particular pin.

That under section 1047 of the Revised Statutes and the decisions of the Supreme Court, the State had the right to amend. He declared that under the evidence, of which he gave a summary, no one could have any reasonable doubt as to the guilt of the accused. That the accused had been found guilty by the jury and he was compelled to maintain their verdict.

## OPINION.

Section 1047, of the Revised Statutes, provides that whenever, on or before the trial of an indictment for any crime or misdemeanor, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof or the name or description of any person, body politic or corporate therein stated to be the owner of any property, real or personal, which shall form the subject of any offense * * * or in the ownership of any property named or described therein, it shall be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case and that the defendant can not be prejudiced thereby in his defense, to order the indictment to be amended according to the proof, both in that part of the indictment where such variance occurs and in every other part of the indictment which it may become necessary to amend; the trial to be had before the same or another jury, as the court shall think reasonable, and after such amendment the trial shall be proceeded with in the same manner in all respects as if no such variance had occurred. *Provided,* that in all such cases where the trial shall be so postponed the witness shall be bound to attend to prosecute and give evidence. * * * "

The amendment which the court ordered to be made in the case before the court was made under the authority of this statute. The accused excepted at the time to the amendment being made, but made no objection to the trial being proceeded with before the same jury. The trial was continued after the amendment had been made and witnesses, both for the State and for the defense, were placed upon the stand, examined and cross-examined.

Defendant contends that the power of the trial judge is exceptional and wholly statutory and can not be exercised arbitrarily, but is con-

fined by the statute to the case where there is "a variance between the statement in the indictment and the evidence offered in proof thereof;" that when the bill of exceptions shows that no such variance exists or that the amendment offered is not supported by the evidence the erroneous ruling of the district judge in permitting an amendment is reversible error. That it was admitted that Mrs. Staehle was the custodian and certainly for the purposes of pleading the owner. An amendment changing the allegation of ownership from her to another was unlawfully allowed; such amendment so far from being supported by the evidence was directly contrary thereto and resulted in the conviction of the accused of a crime which the evidence shows he did not commit, the theft of Frederick Staehle's property; that the "rule is universal that it is proper for an indictment for larceny to lay ownership in the person having lawful possession at the time of the theft; that is, the ostensible and apparent owner"; that "Mrs. Ethel Staehle being the ostensbile and apparent owner, it being alleged that the property was stolen from her person, there was nothing to warrant an amendment lodging such ownership in some one else".

It may be true that an indictment for larceny, laying the ownership of the property stolen in the actual possessor and apparent and ostensible owner, would hold good against a claim made by the accused that the latter was not the real owner, but this is something different from a claim that when the State has reason to believe that evidence introduced on the trial that the possessor and ostensible owner is not the real owner, it should be forced to adhere to the allegation of ownership made in the indictment, and not be authorized or permitted to substitute the name of the real owner for that of the ostensible owner. The ownership having been originally laid in Ethel Staehle and changed to Frederick Staehle after evidence heard, and the jury having returned a verdict of guilty against the accused after the amendment, on the whole evidence adduced before it both before and after the amendment, we must assume that the evidence must have been such as to justify the verdict based upon an ownership of the pin in Frederick Staehle and therefore to have warranted and justified a change in the allegation of ownership from Ethel Staehle to him.

The defendant relies very greatly upon the decision of this court in State vs. Williams, 45 Ann. 939, in which the cases of State vs. Everage (33 Annual, 120), State vs. Hanks (39 Annual, 235), and State vs. Ware (44 Annual, 954), cited by the State herein, were referred to. An

examination of that case will show that it bears no resemblance to the present one. Emma Williams, the defendant, had been indicted, tried and acquitted upon an indictment charging her with grand larceny of the goods of one *Louise Waters*. She was subsequently prosecuted and convicted upon another indictment charging her with grand larceny at the same time and place of the same goods, but laying the ownership of the property in Harry H. Waters. The identity of the particular acts involved in the two indictments was admitted. Defendant filed a plea of *autrefois acquit* which was overruled and being sentenced under the charge and verdict she appealed. The judgment was affirmed on appeal. The court held that acquittal under an indictment for larceny of goods alleged to belong to "A" was no bar to subsequent indictment for larceny of the same goods alleged to be the property of "B", where it was shown that the acquittal was due to the misnomer in the allegation of ownership, that the second jeopardy was not for the same offence.

In the body of the opinion the court declared that our law grants great latitude of amendment in cases of misnomer and that it would be better practice in such cases for the State to avail itself of this privilege, than to let the case go to trial and to a verdict of acquittal and then bring another indictment under correct allegations as of ownership, but that as it was not required to do this as a duty the failure to amend did not forfeit any of its legal rights.

. The opinion so far from supporting appellant's position that an amendment pending trial for larceny in order to correct an erroneous allegation in the indictment as to the ownership of the property stolen, is not warranted, is authority to the contrary, as it refers to such amendments as being the proper course to pursue in cases so situated.

Appellant has no reason to fear that he will ever be placed in jeopardy a second time under a charge of larceny for this same pin on the particular occasion charged in the indictment.

Appellant's application for a new trial was properly refused. He asserts that he went to trial unprepared to meet the changes of the situation which resulted from the amendment to the indictment, but he made no effort to obtain a continuance, or to have the case tried before another jury. He mentions as the witness through whom he expects to disprove the allegation of the ownership of the pin being in Frederick Staehle, the wife of Staehle. Both Staehle and his wife were examined as witnesses in the case, both before and after amendment, and

defendant had ample opportunity to examine both of them at that time, but he failed to avail himself of the opportunity to do so. Why he did so he does not attempt to explain.

We see no reason for reversal of the judgment and it is hereby affirmed.