BREAUX, C. J.
The information filed on the 7th day of September, A. D. 1906, charged defendant with having on the 6th day of May of the same year, while fighting, feloniously and willfully bitten off the thumb and maimed the left hand of one William Cullen.
*661 Defendant was arraigned on September 12th of the same year and pleaded not guilty. He was tried in November following and found guilty. The court sentenced him to imprisonment in the penitentiary at hard labor for one year. He appealed. His grounds are before us in two bills of exceptions and a motion for a new trial. The latter substantially sets up the objections reserved in the bills of exceptions.
The first bill of exceptions states that counsel for defendant objected to a remark made by the assistant district attorney. To show the nature of the remark objected to, we will mention that the witness testified that the defendant took hold of his hand and bit off his thumb. While objecting, counsel for the defendant stated, in substance, that the leading question propounded should not be propounded as the witness was already willing enough. The reply of the prosecuting officer was:
“You wo.uld be willing too if your thumb had been bitten off.”
The reason for objecting, as stated by defendant’s counsel, was that, as the remark was made after a leading question had been propounded, it had a tendency to prejudice the defense.
We will at the outset state that the objection predicated upon a leading question is not insisted upon by the defense, doubtless because it is not seriously objectionable.-
The ruling as relates to a leading question is not reviewable on appeal, unless it appears that there was a manifest abuse of discretion on the part of the trial judge in permitting leading questions to be propounded.
Taking up the objection to the remark before stated, we must say that the incentive to make this remark came from defendant’s counsel by his suggesting that the witness was willing enough already. This moved the prosecuting officer to reply. It does not appear to have influenced the jury in the least. The presiding judge had heard all the testimony, and was in a position to know whether or not there was anything prejudicial in what was said. The prosecuting officer stated the one fact about the hand of the witness. This did not necessarily give rise to the implication that the defendant was guilty of the crime charged. If there had been anything said calculated to mislead or prejudice the defense, the trial judge, doubtless moved by a sense of fairness and actuated by a spirit of justice, would have noticed the words and interposed his authority. The incident was insisted upon in the application for a new trial.
The district judge held that there was no merit in the point. We do not think he erred.
This brings us to the second bill of exceptions taken by the defense. The purpose of the defendant was to prove an alibi. As a witness, he swore that he was not at the place where it is said that the fight had occurred, but that he was at home.
After his examination as a witness the assistant prosecuting officer called Dave Anderson as a witness to contradict the defendant and to show that he was not at home.
Defendant’s contention, through counsel, is that he was taken by surprise by the testimony of this witness; that he had not been summoned to testify, and that in his surprise he was unable to contradict him; that on his application for a new trial he produced evidence to prove that neither he nor the witness Anderson were at the place where Anderson said they were..
Surprise was not urged at the time that Anderson testified. It was only urged on the application for a new trial. It was then too late. (Our reasons later.) None the less the trial judge heard evidence upon the motion for a new trial. This evidence was offered on this motion to contradict the testimony *663 of Anderson. A copy of this evidence is before us in the record.
We take up, as we said we would, the question of surprise for decision. It lost all of its importance the moment that defendant failed to urge any objection on that ground. The decisions ordinarily do not look upon the introduction of unexpected evidence as good ground for a new trial in the absence of objection timely urged. State v. Henderson, 113 La. 232, 36 South. 950.
There was no objection made at the time. State v. McQueen, 108 La. 411, 32 South. 412.
See, also, State v. Bright, 105 La. 341, 29 South. 903; State v. Hollier, 49 La. Ann. 371, 21 South. 633.
This brings us to a consideration of defendant’s application for a new trial on other grounds than mere surprise. The evidence to which we have just referred as having been heard by the trial judge was introduced to contradict Anderson’s testimony. We mean Anderson and his testimony had been heard by the jury.
The attempt to contradict this witness Anderson failed to impress the trial judge. The case for the state on this point is decidedly stronger than it was in any of the cited decisions infra in which a similar point was sustained.
A new trial will not be granted to let defendant have the opportunity of showing that a witness made a statement inconsistent with his testimbny on the trial, nor will newly discovered evidence be admitted which would only contradict or impeach a witness who has _ testified on the trial. State v. Young, 34 La. Ann. 346; State v. Fahey, 35 La. Ann. 9; State v. Diskin, 35. La. Ann. 46; State v. Williams, 38 La. Ann. 365; State v. Crenshaw, 45 La. Ann. 496, 12 South. 628; State v. Johnson, 30 La. Ann. 305.
In the Century Digest, volume 15, pp. 158, 171, there are a number of decisions which have been rendered in other jurisdictions, that are entirely in accord with the decisions before cited upon the subject before us.
The verdict, sentence, and judgment are affirmed.