### No. 9939.

### COLLINS v. THE PEOPLE.

Decided November 8, 1920.    Rehearing denied January 10, 1921.

Plaintiff in error was convicted of the larceny of a saddle.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Information—Amendment During Trial.* Amendments of informations in matters of substance cannot be made at the trial, but amendments in matters of form are allowable.

Amendments changing the name or description of the owner of property in a charge of larceny are amendments in a matter of form and allowable during the trial.

2.    *Amended Information—Rearrangement and Reverification.* It is not necessary to rearraign the defendant nor to have the information reverified after allowable amendment during the trial.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. SAMUEL H. KINSLEY, for plaintiff in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. CHARLES H. SHERRICK, Assistant, Mr. T. C. TURNER, for the People.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error, defendant below, was convicted of larceny. He has sued out a writ of error, and the cause is before us upon his application for a supersedeas.

The information to which the defendant pleaded and upon which the trial was begun, charged the defendant with the larceny of "the personal goods and chattels of Mrs. C. C. Hamlin, to-wit, three saddles."

At the trial, the first witness for the people was Mrs. C. C. Hamlin, the person whose property was alleged to have been stolen. She testified that four saddles were stolen from a garage, one belonging to Mrs. Gunnell, one to Mr. Hamlin, one to "Dr. Swan or his daughter," and the fourth to herself. Two of the saddles were in the court room as exhibits, and the witness identified one as the property of Mrs. Gunnell and the other as the property of Mr. Hamlin. Thereupon counsel for the people moved to amend the information so as to charge larceny of only one saddle and lay the ownership of the same in C. C. Hamlin. The mo-

tion was granted, over the objections of the defendant, and the information was accordingly amended.

One of the questions presented by the record for our determination, is whether the information, in respect to the allegation of ownership of the property, could lawfully be amended, at the time and in the manner it was permitted by the trial court to be amended.

As above noted, the information was amended after the trial had begun and after the first witness had given her testimony. If the amendment was one of substance, and not merely of form, it was made too late. Amendments of informations in matters of substance cannot be made at the trial, but amendments in matters of form are allowable. 22 Cyc. 437; 14 R. C. L. 193, sec. 38; 12 Standard Enc. Proc. 556.

The amendment in question did not change the offense. The amended information charged the same offense as the original information. In *State v. Bell,* 65 N. C. 313, it is said:

"The name of the owner of property stolen is not a material part of the offense charged in the indictment, and it is only required to identify the transaction, so that the defendant by proper plea may protect himself against another prosecution for the same offense."

It has generally been held that amendments changing the name or description of the owner of property in a charge of larceny, are amendments in a matter of form, and allowable during the trial. 22 Cyc. 441. In *State v. Bright,* 105 La. 341, 29 So. 903, the court held an amendment properly allowed which changed not merely the name but also the identity of the person in whom the ownership of the property was laid.

In our opinion there was no error in permitting the amendment to be made.

The remaining questions relate to rearraignment of the defendant and to the reverification of the information. It was not necessary to rearraign the defendant, nor to have the information reverified, after the amendment in question

was made. No error was committed in these matters.

The application for supersedeas is denied, and the judgment is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BAILEY concur.