## No. 24574

## Edward Lee Hutton v. The People of the State of Colorado
(494 P.2d 822)

Decided March 20, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Truman E. Coles, Assistant, Don L. Nelson, Deputy, J. Noel Lohn, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

The defendant was convicted of burglary in the second degree. We reverse by reason of insufficiency of the evidence to show intent to commit the crime of theft at the time he entered the room involved.

Under 1967 Perm. Supp., C.R.S. 1963, 40-3-5, the defendant was charged as follows:

"That. . . EDWARD LEE HUTTON did then and there unlawfully and wilfully, feloniously and maliciously, and without force enter a room known as Suite 33 in a building known as the AMERICA BUILDING, 155 North College Avenue, Fort Collins, Colorado, said room and building not the property of defendant, with intent then and there to commit the crime of theft from one WARRENE LOVEN-STEIN;"

Mr. Gene E. Fischer, as district attorney and private attorney, maintained his offices in the America Building. His suite consisted of offices on both sides of a corridor. One of these offices was that of Miss Lovenstein, a secretary of Mr. Fischer. During the afternoon involved, Miss Lovenstein left her office, leaving her purse on top of her desk. She returned in four or five minutes and found a man, whom she later identified as the defendant, standing in her office. She inquired as to his purpose in being there, and the man said that he wished the key to the men's room. She told the man that he would have to go to an office across the hall to secure the key.

The man left, but went down the hall instead of going to the office to which he was directed. She glanced at her desk and noticed that her purse was open. Without checking further she ran into the hallway and called to the man to stop. He ran. She and another secretary ran after him, but he

disappeared. She returned to her office and found that her billfold was missing from her purse. The billfold was never found. The defendant was arrested nearby later that afternoon.

That portion of the statute under which the defendant was charged relates to cases in which a person is lawfully within a public or private building and enters a room with intent to commit the crime of theft.

We assume for the purpose of the case that the man who entered the room was the defendant. The only evidence that he entered the room with intent to commit theft is the strong circumstantial evidence that he took the billfold. For aught that appears in the record, he could have been telling the truth that he entered the office with the intent to find the key to the men's room, and concluded to commit the theft after entering the room and seeing the purse. The facts adduced at the trial are just as consistent with a theory of innocence of burglary as of guilt. The conviction, therefore, cannot stand. The fact that the defendant may have committed the trespass at the time he entered the office is immaterial.

The result here is supported by *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820 (1966); *Macias v. People,* 161 Colo. 233, 421 P.2d 116 (1966); and *Stowell v. People,* 104 Colo. 255, 90 P.2d 520 (1939). The burglary statute has been amended in various respects since these cases were decided. The trial court was of the opinion that the amendments had changed the rule announced in these cases, and, accordingly, denied the defendant's motion for a judgment of acquittal. We must disagree. The element of intent involved here has remained unchanged since the three cases were decided.

The evidence would have supported a verdict of guilt as to theft, but not burglary.

The judgment is reversed and the cause remanded with directions to vacate the verdict and sentence, and to grant the motion for judgment of acquittal.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.