## No. 26094

## The People of the State of Colorado v. Earl Vernon Thompson, Jr.
(529 P.2d 1314)

Decided January 6, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Earl Vernon Thompson, Jr., attorney pro se.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted of second-degree assault in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-203(1)(d). He was sentenced to the state penitentiary for a term of not less than four nor more than nine years. He seeks reversal of the judgment of conviction, contending that prejudical error occurred in several particulars hereinafter discussed. We find no merit to appellant's contentions and therefore affirm.

The charges against appellant arose out of a shooting incident. The People's evidence established that Morris Ayres and his brother, Paul Ayres, became involved in a confrontation with appellant during the afternoon of July 4, 1972. A quarrel ensued because Morris Ayres had temporarily parked his automobile in an alley adjacent to his wife's residence, blocking the exit and thereby preventing appellant from proceeding out of the alley.

Appellant demanded that the Ayres' vehicle be moved. Heated words were exchanged. When Morris said "Okay, baby, I'll move it," appellant became enraged and uttered threats to the effect, "I'll show you something" or "I'll fix you." Appellant left his car and walked back to his house. In the meantime, Morris removed his car from the alley. He went into his wife's house, while his brother Paul remained outside on the porch.

Appellant returned to the scene, brandishing a handgun. He approached Paul and pointed the weapon at Paul's head, and, while menacing him, struck Paul with his other hand, knocking him over the porch rail to the ground. This event was witnessed by Morris's wife from inside the house. Morris asked his wife to call the police. He then armed himself with an aluminum pipe, left the house by the back door, circled from the rear and approached appellant from behind. Morris struck appellant's arm with the pipe several times, attempting to dislodge the gun. In the struggle for the gun that followed, appellant shot Morris four times in the abdomen and chest. One of the bullets penetrated the left ventricle of his heart.

The police arrived at the scene and quickly apprehended appellant. The victim was transported to a hospital, where he underwent surgery.

Appellant was charged in a two-count information under section 40-3-203(1). Count one accused him of recklessly causing serious bodily injury to Morris Ayres by means of a deadly weapon, under subsection (d) of the statute; count two charged him with intentionally causing bodily injury to Morris Ayres by means of a deadly weapon, under subsection (b) of the statute. At the conclusion of the evidence, upon motion of appellant, the district attorney elected to proceed under count one of the information and count two was thereupon withdrawn from the jury's consideration.

I.

Appellant first contends the court erred in denying his motion for judgment of acquittal, for the reason that the People's evidence was not sufficient to constitute a prima facie case. We do not agree.

We note here that appellant was represented by the public

defender and chose to offer no evidence in defense but relied upon the weakness of the People's case against him and his theory of self-defense.

When viewed in the light most favorable to the People, the evidence, and reasonable inferences drawn therefrom, in our opinion, was ample to establish a prima facie case and to sustain the jury's verdict of guilty. *Wilson v. People,* 143 Colo. 544, 354 P.2d 588. The evidence, viewed in its most favorable light, disclosed that appellant assaulted Paul Ayres without justification or provocation; that Morris Ayres justifiably came to the defense of Paul against the appellant, who had not yet withdrawn from his attack upon Paul. Under these circumstances, the jury could properly conclude that Morris Ayres was using a lawful and reasonable physical force against the appellant. The sufficiency of the proof of the crime charged and of the defense of justifiable self-defense were matters for the jury's resolution. We will not substitute our determination for that of the jury.

Appellant further insists that his motion for judgment of acquittal should have been granted on the theory that he had been placed in jeopardy when, upon his motion requiring the district attorney to elect between the first and second counts of the information, the district attorney elected to withdraw the second count, which amounted to a dismissal as to that count. He argues this was the equivalent of an acquittal on that count and, inasmuch as the evidence offered by the People in support of both counts was the same, dismissal of the one count necessarily precluded further prosecution on the other count. The argument is ingenious but not persuasive.

Appellant misconceives the double jeopardy rule. His specific argument in this regard was considered and rejected by this Court in *Crane v. People,* 91 Colo. 21, 11 P.2d 567. We conclude that the election by the district attorney to proceed only on count one of the information and to withdraw count two — even though the withdrawal of count two may be considered as an acquittal thereof — did not preclude the court from submitting count one to the jury for determination.

II.

Appellant next contends that it was error for the court not to

submit to the jury the lesser included offense of third-degree assault, as was requested at trial.

Third-degree assault is defined as follows:

"*Assault in the third degree.* A person commits the crime of assault in the third degree if he intentionally, knowingly, or recklessly causes bodily injury to another person; or with criminal negligence he causes bodily injury to another person by means of a deadly weapon. Assault in the third degree is a class 1 misdemeanor." 1971 Perm. Supp., C.R.S. 1963, 40-3-204.

Under the lesser included offense theory, as set forth in *People v. Rivera,* 186 Colo. 24, 525 P.2d 431, and *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058, third-degree assault would be a lesser included offense of second-degree assault as defined in subsection (d) of section 40-3-203(1). The only difference between the greater and the lesser is the degree of injury. Second-degree assault under subsection (d) requires proof of *serious bodily injury,* which is defined as:

" 'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." 1971 Perm. Supp., C.R.S. 1963, 40-1-1001(3)(p).

Third-degree assault requires proof of *bodily injury,* which is defined as:

" 'Bodily injury' means physical pain, illness, or any impairment of physical or mental condition." 1971 Perm. Supp., C.R.S. 1963, 40-1-1001(3)(c).

■ The criminal code specifically provides that the court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. 1971 Perm. Supp., C.R.S. 1963, 40-1-508(6). Here, it was stipulated at trial by defense counsel that the victim of the shooting was shot at least four times in the abdomen and chest, one bullet penetrating the heart. Under the statutory definitions such injuries could not rationally be characterized as less than serious bodily injuries. Moreover, appellant's theory of defense was not that the injuries were not serious; rather, it was that they were inflicted in justifiable self-defense. Under the evi-

dence, there was no rational basis for a verdict convicting appellant of the lesser included offense. Appellant was either guilty of the greater offense or not guilty. We find no error in the court's refusal to give the lesser included offense instructions and verdict forms.

### III.

Appellant's third assignment of error asserts that the court erroneously allowed the prosecution, over defendant's objection, to rehabilitate the witness Morris Ayres after he had been impeached on cross-examination by the showing of a prior inconsistent statement under oath.

■ Without going into detail, the testimony involved the sequence of the shots fired from appellant's gun. Defense counsel, who was also defense counsel at the preliminary hearing, at trial on cross-examination, produced excerpts from the witness' testimony given at the preliminary hearing on direct examination, which were purportedly inconsistent with his testimony at trial. The prosecution then on re-direct examination at trial, over objection, was permitted to show additional excerpts of the preliminary hearing testimony of this witness, which explained and clarified the supposed prior inconsistent testimony. We find no error in this ruling.

We note that both the purported inconsistent testimony brought out by defense counsel and the consistent testimony elicited by the prosecution were part of the witness' answers to specific questions asked both on direct and cross-examination at the preliminary hearing. The answers given on direct examination at the preliminary hearing were explained and clarified on cross-examination.

At trial, defense counsel sought to prevent those answers given in explanation and clarification of the purported inconsistent testimony given at trial. In our view, it would have been patently unfair to have disallowed admission into evidence of the purported consistent testimony which initially had been elicited by defense counsel at the preliminary hearing.

■ Where defense counsel tries to impeach on only a portion of prior testimony in an attempt to show an inconsistency or contradiction, he waives any objection to the prosecution's using

another portion of the same testimony in order to show that in its totality the testimony was not actually inconsistent. *Cf. Coates v. People,* 106 Colo. 483, 106 P.2d 354.

### IV.

Appellant's final contentions of error relate to the instructions given by the court on the affirmative defense of self-defense. We have examined the instructions and find that they accurately state the law relative to the use of physical force in self-defense. Section 40-1-804.

We find appellant's other arguments for reversal to be without merit.

The judgment is affirmed.