**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jerry M. GIMMY, Defendant–Appellant.**

**No. 79CA0060.**

Colorado Court of Appeals,
Div. II.

June 5, 1980.

Rehearing Denied July 24, 1980.

Certiorari Granted Dec. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy Colorado State Public Defender, Denver, for defendant–appellant.

STERNBERG, Judge.

The issue in this appeal is whether the habitual criminal statute applies where the underlying felonies arise from convictions that were all entered on the same day. We conclude that it does, and therefore affirm the trial court's sentence of life imprisonment imposed upon defendant as an habitual criminal pursuant to § 16–13–101(2), C.R.S. 1973 (1978 Repl.Vol. 8).

In August of 1978, Jerry Michael Gimmy was charged by information with a variety of offenses, including the charge that he was an habitual criminal by virtue of his having been convicted of three prior felonies. A jury found Gimmy guilty of aggravated robbery and additionally found that he had previously been convicted of three felonies.

Subsequent to that trial, Gimmy pled guilty to a separate offense and the court again adjudged him to be an habitual criminal. On January 5, 1979, he was sentenced, and he appeals his adjudications as an habitual criminal and the sentences imposed.

As pertinent here, § 16–13–101(2), C.R.S. 1973 (1978 Repl.Vol. 8), provides:

"Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried ... of a felony ... shall be adjudged an habitual criminal ...."

It is not disputed that Gimmy was convicted of at least three previous felonies upon charges separately brought: Forgery on May 20, 1977, aggravated robbery and robbery on December 14, 1973, and welfare fraud on December 14, 1973. He asserts however, that because some of these felony convictions were obtained in the same court on the same day, following acceptance of guilty pleas, the requirement of the statute that a defendant be previously convicted of three felonies "upon charges separately brought and tried" has not been met. Gimmy contends that the robbery convictions and the welfare fraud conviction should be considered as only one conviction for purposes of enhancement of sentence under § 16–13–101(2), C.R.S. 1973 (1978 Repl.Vol. 8). We do not agree.

■ The convictions in question were for entirely distinct offenses. The record establishes that the convictions arose from separate criminal episodes occurring on different dates, and that the charges were brought in separate criminal actions, initially scheduled for trial on different dates, which could not have been consolidated and tried together. See Crim.P. 13; Brown v. District Court, 197 Colo. 219, 591 P.2d 99, (1979). At the Crim.P. 11 providency hearing the trial court treated the guilty pleas as individual criminal matters, issued separate judgments of conviction, and imposed separate sentences for the offenses, although the sentences were to run concurrently. We conclude that under the circumstances these convictions resulted from "charges separately brought and tried," and the fact that they were obtained pursuant to guilty pleas on the same day does not reduce them to one conviction for purposes of § 16–13–101(2), C.R.S. 1973 (1978 Repl. Vol. 8).

■ Whether a conviction results from a jury determination of guilt following trial or from a guilty plea is immaterial.

"For purposes of the habitual criminal statute, it is not the plea interposed, but the fact of conviction which causes the statutory penalties relating to enhancement of punishment to attach. Thus, the fact of conviction, without more, can be relied upon to enhance punishment ...." People v. Goodwin, 197 Colo. 47, 593 P.2d 326 (1979).

The purpose of § 16–13–101(2), C.R.S. 1973 (1978 Repl.Vol. 8), is to punish more severely those who show a propensity toward repeated criminal conduct. People v. Lake, 195 Colo. 454, 580 P.2d 788 (1978); People v. District Court, 192 Colo. 375, 559 P.2d 235 (1977).

It is Gimmy's assertion, however, that the purpose of the three felony conviction requirement of the habitual criminal statute is to give the repeat offender a prescribed number of opportunities to conform his conduct to that which is socially acceptable.

In People v. Lake, supra, it was stated that:

"In making its determination regarding which individuals are truly incorrigible recidivists, the legislature may reasonably conclude that the number of criminal acts as well as the length of time over which the acts occur, are pertinent factors." 195 Colo. at 461, 580 P.2d at 793.

In enacting § 16–13–101(2), C.R.S. 1973 (1978 Repl.Vol. 8), the General Assembly imposed no time limitations upon the use of previous convictions for purposes of enhanced sentencing. To adopt the limitations proposed by Gimmy, would be to re—write the statute. This we may not do.

The judgment is affirmed.

PIERCE and SMITH, JJ., concur.