**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Tere Lee JOHNSON, Defendant-Appellant.**

**Nos. 78–159, 78–160.**

Colorado Court of Appeals, Div. II.

June 12, 1980.

Rehearing Denied July 31, 1980.

Certiorari Granted Dec. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Tere Lee Johnson was convicted by a jury of first degree burglary, second degree burglary, theft, and second degree assault in Case No. 78–159. He was also convicted after a jury trial of second degree burglary in Case No. 78–160. He was sentenced as an habitual criminal in each case. In this consolidated appeal, we affirm in part, reverse in part, and remand with directions.

Johnson's convictions stem from offenses allegedly perpetrated on September 4, December 2, and December 8, 1976. Charges were filed in two criminal actions, which were tried together, both of which included habitual criminal counts based upon the allegation that Johnson had previously been convicted of four felonies. Following conviction of these 1976 offenses, the jury found that Johnson had been convicted of four previous felonies, and the court sentenced him as an habitual criminal in both actions to life imprisonment pursuant to § 16–13–101(2), C.R.S.1973 (1978 Repl. Vol.

8); the sentences imposed were to run concurrently.

As pertinent to this case, § 16–13–101(2), C.R.S.1973 (1978 Repl. Vol. 8), provides: "Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried ... of a felony ... shall be adjudged an habitual criminal ...."

It is not disputed that Johnson had been convicted of four previous felonies: Theft, perpetrated on December 28, 1975; second degree burglary, perpetrated on January 5, 1976; second degree burglary, perpetrated on January 28, 1976; and joy riding, perpetrated on January 28, 1976. Guilty pleas were entered by Johnson to these charges on July 12, 1976; the court accepted the pleas and entered judgment of conviction on July 17, 1976.

## I.

■ On appeal Johnson asserts that because these four felony convictions were obtained in the same court on the same day following acceptance of guilty pleas, the requirement of the statute that a defendant be previously convicted of three felonies "upon charges separately brought and tried" has not been met. He contends that the four convictions should therefore be considered as only one conviction for purposes of enhancement of sentence under § 16–13–101(2), C.R.S.1973 (1978 Repl. Vol. 8). We do not agree.

The convictions in question were for distinct offenses, arising from separate criminal episodes perpetrated on three different dates. The record establishes that the charges were brought in separate criminal actions which could have been separately tried had guilty pleas not been entered.

In *People v. Gimmy,* Colo.App., 620 P.2d 42 (1980), under essentially identical factual circumstances, we addressed the issue presented here—whether the habitual criminal statute applies when the underlying felonies arise from convictions entered on the same day. In that case we noted that under § 16–13–101, C.R.S.1973 (1978 Repl.

Vol. 8), guilty pleas have the same impact as other felony convictions, and held that because the General Assembly imposed no time limitation on the use of felonies for purposes of enhancing punishment for repeat offenders, multiple convictions obtained on the same day pursuant to guilty pleas need not be considered as one felony only. That case is dispositive of the issue presented here. We therefore affirm the trial court's judgment that the four convictions obtained on the same day could be used for purposes of enhancement of sentence under the habitual criminal statute.

## II.

■ Johnson also contends that his convictions must be reversed because the trial court erroneously denied his motion to suppress incriminating statements subsequently introduced at trial. Johnson asserts that the statements were obtained as a result of promises and inducements made by the interrogating police officer which rendered them involuntary and hence inadmissible. Following an in-camera hearing, the trial court found that the statements did not result from any promises, and were voluntarily made.

On December 9, 1976, Johnson went to the Fort Collins Police Department with his counselor from the Larimer County Community Correction Project to answer questions concerning burglaries committed in the Campus West area of Fort Collins. Initially he denied participating in the offenses, but later changed his mind and revealed his involvement in those burglaries. At the suppression hearing Johnson asserted that he made the statements to the police because the interrogating officer promised him that if he admitted his involvement in the Campus West burglaries the officer would only seek revocation of a probation from previous convictions, and new charges would not be filed. The interrogating officer denied making any promises to Johnson.

A determination of the question whether the officer made promises or somehow in-

duced Johnson to make the statements turns on a resolution of conflicting evidence. The trial court specifically considered the credibility of the witnesses in making its determination, found that no promises were made and that Johnson's statements were voluntarily made, and denied the motion to suppress. The trial court's finding on the voluntariness of the statements is supported by adequate evidence in the record; thus the finding must be upheld on review. *People v. Becker*, 187 Colo. 344, 531 P.2d 386 (1975).

### III.

Finally, Johnson contends that his conviction of second degree assault must be reversed because the trial court erroneously permitted a substantive amendment to the information charging that offense subsequent to trial. The information in question initially alleged that Johnson "did unlawfully, feloniously and *recklessly cause bodily injury* to the victim . . . by means of a deadly weapon . . ." (emphasis supplied) in violation of § 18–3–203, C.R.S.1973, the second degree assault statute. At the close of the state's case, Johnson moved for dismissal of the charge on the basis that as stated it did not charge the offense of second degree assault. The prosecution then moved to amend the information to delete the word "recklessly" and replace it with the word "intentionally" to bring the information into conformity with the second degree assault statute. *See* § 18–3–203(1)(b), C.R.S.1973 (1978 Repl. Vol. 8). Over defendant's objection this amendment was permitted.

■ Amendments to informations are governed by Crim.P. 7(e) which provides:

"The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

When amendment of an information is sought after trial, as in this case, it may only be permitted if it is one of form which does not prejudice any substantial rights of the defendant. *Collins v. People*, 69 Colo. 353, 195 P. 525 (1920). Here the amendment was one of substance and not merely form in that it resulted in the charge being elevated to a different, more serious offense.

■ Although the statutory designation of the offense alleged in the information charged second degree assault, the language used to define the offense actually charged third degree assault under § 18–3–204, C.R.S.1973. To commit second degree assault through recklessness one must cause *serious bodily injury* through the use of a deadly weapon. *See* § 18–3–203(1)(d), C.R.S.1973 (1978 Repl. Vol. 8). To be convicted under the third degree assault statute one's recklessness need only cause *bodily injury*, through the use of any instrumentality including a deadly weapon. *See* § 18–3–204, C.R.S.1973 (1978 Repl. Vol. 8). Under these statutory provisions the only distinction between second and third degree assault is the degree of injury. *People v. Thompson*, 187 Colo. 252, 529 P.2d 1314 (1975). Here, the degree of injury alleged was that designated under the lesser offense.

One may, however, be convicted of second degree assault if he *intentionally* causes *bodily injury* (not serious bodily injury) by means of a deadly weapon. Section 18–3–203(1)(b), C.R.S.1973 (1978 Repl. Vol. 8). Thus, by permitting the amendment, the trial court allowed the prosecution to increase the severity of the charged offense from third degree assault to second degree assault.

The fact that the information designated the second degree assault statute as the charged offense does not render this amendment one of form only. The statutory reference in the information is an immaterial part of the information, which itself could have been amended. *People v. Shortt*, 192 Colo. 183, 557 P.2d 388 (1976). Thus, we hold that the language of an information charging an offense is the controlling factor in determining whether the amendment was permissible after trial.

Because the amended information charged a different and more serious offense than that which was originally charged, the amendment should not have been permitted. Crim.P. 7(e).

However, contrary to Johnson's contention, the information did not require any major amendment to charge an offense. Prior to the amendment, the offense of third degree assault was sufficiently charged. The information was therefore not void, and the court had jurisdiction over the charged offense. *Cf. Bustamante v. People*, 136 Colo. 362, 317 P.2d 885 (1957).

Our conclusion that the amendment was improper and that Johnson's conviction of second degree assault cannot stand does not mandate a new trial on the offense of third degree assault. The case went to the jury on the charge of second degree assault and the jury was instructed accordingly. The evidence presented at trial was sufficient to sustain the conviction for that offense. Third degree assault is a lesser included offense of second degree assault, *People v. Thompson, supra*, and the evidence adduced at trial was thus also sufficient to support a conviction of the lesser offense.

Therefore, we reverse the second degree assault convictions and remand the case to the trial court for entry of judgment of conviction of third degree assault as defined in § 18–3–204, C.R.S.1973 (1978 Repl. Vol. 8). *See People v. Naranjo*, Colo., 612 P.2d 1099 (1980); *People v. Bourg*, 191 Colo. 309, 552 P.2d 504 (1976). The other judgments are affirmed.

RULAND and KIRSHBAUM, JJ., concur.