The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

James C. GERMANY, Defendant-Appellant.

No. 80CA0092.

Colorado Court of Appeals, Division I.

Nov. 6, 1980.

Rehearing Denied Dec. 4, 1980.

Certiorari Granted Jan. 12, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Marks & Olom, Jonathan L. Olom, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, James C. Germany, appeals from a judgment entered on his jury conviction of second degree burglary of a dwelling, § 18–4–203(2), C.R.S.1973, and contends (1) the evidence was insufficient to establish he had the specific intent to commit the ulterior crime of theft, and (2) he was improperly sentenced as a habitual criminal. We affirm.

The present appeal is from a second trial of this case. The defendant was initially convicted in 1977. The conviction was affirmed, *People v. Germany*, 41 Colo.App. 304, 586 P.2d 1006 (1978), then reversed *sub nom. Germany v. People*, Colo., 599 P.2d 904 (1979).

## I.

■ The evidence presented by the prosecution indicated that, after visiting hours, the defendant entered the hospital room of a patient without that patient's permission. At the time, the patient was in the bathroom with the door closed and, when she came out, the defendant made some casual remark and quickly left. The patient's purse, which had been placed under the bed covers, was lying open on top of the bed and her wallet, containing a five-dollar bill and three ones, was missing. The patient immediately reported the incident to the nurse on duty and described the intruder.

A security guard observed a man who resembled the description of the intruder near the hospital and followed him into a building. As both men left the building, the suspect broke and ran. He was apprehended by two security guards who found him crouched under a stairwell of a residence. A roll of bills, including a five-dollar bill, was found on the suspect, and he gave a name other than his own. The guards then turned the suspect over to police officers who returned to the hospital where the patient identified him as the intruder.

Subsequently, the defendant told the officers he would show them where he had dropped the wallet if the officers would release him. The officers only promised to note the defendant's cooperation in their report, and an unsuccessful search was made for the wallet. The defendant did not testify or present any witnesses.

In determining whether the evidence is sufficient to support a conviction, the test is "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt . . . ." *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). The specific intent to commit the crime of theft does not have to be proved by direct, substantive evidence, but can be inferred from the defendant's conduct and the reasonable inferences which may be drawn from the circumstances of the case. *See People v. Becker*, 187 Colo. 344, 531 P.2d 386 (1975).

Construing the evidence in the light most favorable to the prosecution, we conclude there was sufficient evidence to establish that the defendant had the intent to commit theft when he entered the hospital room. *See People v. Bennett, supra.* It is within the province of the jury to determine what weight will be given the evidence. *People v. Layton*, Colo., 612 P.2d 83 (1980). And where, as here, a jury believes circumstantial evidence leading to a logical conclusion of the defendant's guilt, we will not upset a verdict based on that testimony. *See Gonzales v. People*, 173 Colo. 243, 477 P.2d 363 (1970).

The defendant's reliance on *Hutton v. People*, 177 Colo. 448, 494 P.2d 822 (1972), is misplaced. In *Hutton*, while there was evidence that the defendant committed theft, there was also evidence presented that he did not have the requisite intent when he entered the attorney's office. Here, no evidence was presented to this effect. Furthermore, *Hutton* was decided prior to *People v. Bennett, supra*, which adopted the substantial evidence test.

## II.

■ The information contained counts alleging that the defendant had been twice

previously convicted of a felony, and the court, after the defendant admitted that he was the person named therein and that the convictions had been sustained as alleged, sentenced the defendant as a habitual criminal under § 16–13–101(1), C.R.S.1973 (1978 Repl.Vol. 8). The defendant argues that because he was sentenced on the same day in each of the previous cases, the convictions were not based "upon charges separately brought and tried," and the statute was improperly applied to him. We disagree.

The record discloses that defendant's conviction of second degree forgery and third degree burglary arose from separate criminal episodes which occurred on different dates. The charges were brought in separate actions and the defendant entered a plea of guilty to each charge on a different date. Given these facts, *People v. Gimmy*, Colo.App., 620 P.2d 42 (1980), is dispositive of defendant's contention.

Judgment affirmed.

ENOCH, C. J., and COYTE, J., concur.