The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Benny Lee HODGE, Defendant-Appellant.

No. 79CA0534.

Colorado Court of Appeals, Div. III.

March 26, 1981.

Rehearing Denied April 9, 1981.

Certiorari Granted May 26, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN, Judge.*

Defendant, Benny Hodge, was found guilty, by a jury, of aggravated robbery. The jury also found that defendant had been convicted of three previous felonies. He seeks reversal of the conviction, and also asserts that his being sentenced under the habitual criminal act was improper, and should be set aside. We affirm the conviction and the sentence.

### I.

Defendant alleges, first, that the trial court erred in permitting his in-court identification by two witnesses. We find no error.

The two witnesses, Ms. Rooney and Ms. Joseph, were employees at the restaurant where the robbery occurred. At about 1:00 A.M., Ms. Rooney, the manager, was checking out Ms. Joseph, a waitress, in a room reserved for employees. While they were counting Ms. Joseph's earnings, the robber came into the room, produced a gun, and took all of the money. He then forced them into another room at gunpoint, forced Ms. Rooney to open a safe, took money from the safe, fired two shots, and left. After entering the second room, the two witnesses were forced not to look at the robber.

Ms. Rooney testified that she looked at the robber for two or three minutes, and that the light was good. In the morning immediately following the incident she spent about one hour looking at "mugshots" and selected five that were similar to the robber, identifying a picture of defendant as being the most similar. Later, at a line-up, she identified the defendant as the robber. She identified defendant again at a hearing on defendant's motion to suppress identification, at which time the motion was denied.

At the trial, she stated that she relied primarily on defendant's facial features when identifying him as the robber. The record establishes that there was nothing suggestive about either her review of mug-shots or the lineup. The trial court's extensive findings are supported by the record, and will not be disturbed on review. *See People v. Gordon*, Colo.App., 615 P.2d 62 (1980); *People v. Lopez*, Colo.App., 605 P.2d 69 (1979).

Permitting Ms. Joseph's in-court identification was also proper. At the time of the robbery, she saw only one profile of the robber, for the same length of time, and under the same lighting conditions. She also looked at mugshots, but did not identify defendant from any of the pictures. She saw defendant for the first time after the robbery at the suppression hearing. She testified that as she entered the room she saw defendant's same profile that she had seen during the robbery, and identified him by a birthmark or mole on the side of his face. Under the criteria set forth in *Huguley v. People*, 195 Colo. 259, 577 P.2d 746 (1978), the testimony established that Ms. Joseph's identification was based on an independent source, and not on any suggestive out-of-court identification.

### II.

Defendant was also charged with three counts under § 16–13–101(2), C.R.S. 1973 (1978 Repl. Vol. 8) of the Habitual Criminal Act, was found by the jury to have committed the three felonies, and was

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1980 Cum.Supp.).

sentenced to life imprisonment. Defendant contends that since the second felony occurred prior to his conviction for the first felony, the conviction on these two counts should only count as one conviction, and that therefore he could only be sentenced under § 16–13–101(1) of the Act. He cites several cases from other jurisdictions in support of this claim. However, in *People v. Gimmy*, Colo.App., 620 P.2d 42 (1980) (cert. granted), this court held that in determining which section of the act governs the sentence, it is the commission of the act which gives rise to the conviction, and not the time when conviction occurs, which controls.

Defendant urges us to overrule that decision. We have followed *Gimmy* in two subsequent opinions, *People v. Johnson*, 644 P.2d 34 (Colo.App.1980) (not selected for official publication) (cert. granted), and *People v. Germany*, 643 P.2d 776 (Colo.App. 1980) (not selected for official publication) (cert. granted), and will not overrule it now.

Judgment and sentence affirmed.

KIRSHBAUM and TURSI, JJ., concur.